

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. George C. Roane
County Attorney
Ft. Bend County
Richmond, Texas

Opinion No. O-4808
Re: Under the facts stated
are the properties of the
School which are owned and
operated by the Catholic
Church of Rosenberg, Texas,
exempt from taxation?

Dear Sir:

We acknowledge receipt of your recent letter wherein you request an opinion from this department as to whether or not a school operated by the Catholic Church of Rosenberg, Texas is exempt from taxation under the facts stated.

We quote the facts submitted by you as follows:

"The Catholic Church at Rosenberg, Texas has erected, adjacent to the Church, and on the Church property, a school. This school is not operated for profit, but is maintained by the Church. Most of the families that send their children to this school, contribute to the support of the Church and the school, however, there are some children that are going to the school whose families are not able to make any contributions, and as above indicated, the expense of maintaining the school is born by the Church and Church congregation. The school is not a private school and it is not limited to Catholics alone, and there are some children of non-Catholic faith attending the school. In this school, the children receive general educational training similar to that taught in the state maintained schools and in addition thereto, they receive religious instruction

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

and also physical development. The school is not
a private school, as above indicated, and it is
not operated for profit. In one part of the school
building, there will be maintained a chapel which
will be used regularly for religious worship by
the children in the school and the Church congrega-
tion and any other person desiring to attend the
religious services there."

Article 8, section 2 of our State Constitution per-
mits the legislature by general laws to exempt certain proper-
ties from taxation. The legislature, in conformity with its
authority, enacted Article 7150 V.A.C.S. and we quote the ap-
plicable portion thereof as follows:

"The following property shall be exempt from
taxation, to-wit:
1. Schools and Churches.-Public school houses
and actual places of religious worship, also any pro-
perty owned by a church or by a strictly religious
society, for the exclusive use as a dwelling place for
the ministers of such church or religious society, the
books and furniture therein and the grounds attached
to such buildings necessary for the proper occupancy,
use and enjoyment of the same, and which yields no
revenue whatever to such church or religious society;
provided that such exemption as to the dwelling place
for the ministers shall not extend to more property
than is reasonably necessary for a dwelling place and
in no event more than one acre of land. All public
colleges, public academies, and all endowment funds
of institutions of learning and religion not used
with a view to profit, and when the same are invested
in bonds or mortgages, and all such buildings used
exclusively and owned by persons or associations of
persons for school purposes; ...."

Clearly the property in question is tax exempt
unless it be decided that the use of the chapel for religious
exercises, in addition to the use of the entire building for
school purposes, destroys the exemption. The building if used
exclusively for either purpose would be tax exempt and we are
not prepared to hold that the concurrence of the two exempt
uses renders the property liable to taxation.

It is, therefore, our opinion that the property

Hon. George O. Reane, page 3.

which is the subject of your inquiry is tax exempt.

Yours very truly

ATTORNEY GENERAL OF TEXAS

*Woodrow Edwards*

By

Woodrow Edwards
Assistant

WE:pa

APPROVED FEB 9, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVE
OPINION
COMMITTE

BY
CHAIRMAN